# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN R. FEGAN, | 1:08-cv-01140-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, WITHOUT PREJUDICE, AS SUCCESSIVE |
| v. | [Doc. 1] |
| Warden, California | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 20, 2008, Petitioner consented to jurisdiction by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Court Doc. 4.)

Petitioner filed the instant petition for writ of habeas corpus on August 4, 2008.  (Court Doc. 1.)  Petitioner is challenging his Merced County 1995 conviction and sentence for two homicides, burglary, arson, and abduction of a child.  (Petition, at 3.)

A review of this Court's docket systems reveals that Petitioner has previously filed a petition for writ of habeas corpus pursuant to § 2254, challenging the same conviction as that in the instant petition.  See Stephan R. Fegan v. Ernie Roe, CV-F-99-6427 OWW LJO P.[1]  This action was denied on the merits, and Petitioner's request for a certificate of appealability was

---

[1] In addition, Petitioner filed a subsequent petition on May 3, 2006, in case number 1:06-cv0053-OWW-DLB (HC), which was dismissed, without prejudice, on September 19, 2006, as a successive petition pursuant to 28 U.S.C. § 2244(b)(1), and The United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability on March 27, 2007.  (Court Docs. 16, 17, 25.)

denied by the United States Court of Appeals for the Ninth Circuit. (Court Docs. 24, 28, 30, 39.) On September 23, 2004, the Ninth Circuit also denied Petitioner's application for authorization to file a second or successive § 2254 petition. (Court Doc. 42.)

## DISCUSSION

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not

successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

Because the prior petition in CV-F-99-6427, was denied on the merits, it therefore bars further litigation challenging that same conviction, absent permission to file a second or successive petition. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file and be granted leave to do so by the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus be DISMISSED, without prejudice, as a successive petition.

IT IS SO ORDERED.

Dated:   **August 25, 2008**         **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE