1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9    STEPHEN R. FEGAN,                          1:08-cv-01140-DLB (HC)

10                        Petitioner,           ORDER DISREGARDING PETITIONER'S
                                                MOTION FOR DISCOVERY AND DENYING
11        v.                                    MOTION FOR RECONSIDERATION

12                                              [Docs. 7, 8]
     Warden, California
13
                           Respondent.
14   _____/

15
16        On August 25, 2008, the instant petition for writ of habeas corpus filed pursuant to 28

17   U.S.C. § 2254 was dismissed, without prejudice, as successive.[1]  (Court Doc. 5.)

18        On August 29, 2008, Petitioner filed a motion for discovery and motion for

19   reconsideration.  (Court Docs. 7, 8.)  On September 5, 2008, Petitioner filed "Objections to

20   Magistrates Ruling and Dismissal."  (Court Doc. 9.)

21        In his motion for reconsideration, Petitioner argues that his motion to subpoena records

22   from a pretrial hearing is an issue never raised before this Court and will demonstrate that his

23   constitutional rights were violated at his criminal trial.

24        In his objections, Petitioner continues to argue that the current claims have never been

25   presented or considered by this Court and it is therefore not a successive petition.  The Court

26   construes Petitioner's motions for reconsideration as filed under Rule 60(b) of the Federal Rules

27
28        [1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United
     States Magistrate Judge. (Court Doc. 4.)

1

1    of Civil Procedure, which governs the reconsideration of final orders of the district court.

2         The rule permits a district court to relieve a party from a final order or judgment on the

3    grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

4    evidence which by due diligence could not have been discovered in time to move for a new trial

5    under Rule 59(b) ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment

6    has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the

7    judgment." Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a

8    reasonable time, in any event, "not more than one year after the judgment, order, or proceeding

9    was entered or taken." Id.

10         Upon review of Petitioner's motion for discovery, it is clear that he has failed to meet the

11    requisite showing under 28 U.S.C. § 2244 (b)(2)(B) (a recognized exception to the bar against

12    new claims being raised in a second or successive petition is made for the discovery of a factual

13    predicate that could not have been previously discovered by due diligence and the facts

14    underlying the claim, if proven in light of the evidence as a whole, would be sufficient to

15    establish by clear and convincing evidence that but for the constitutional error, no reasonable

16    factfinder could have found the prisoner guilty of the underlying offense).

17         Petitioner merely requests that the Court issue a subpoena the transcripts and/or affidavits

18    of a pretrial hearing that took place sometime between October 23, 1995 and November 7, 1995,

19    before his trial began on November 14, 1995.  (Motion Discovery, at 1.)  Petitioner simply fails

20    to make any showing that the factual predicate for his claim could not have been discovered

21    previously through the exercise of due diligence or that but for the alleged constitutional error no

22    reasonable factfinder would have found him guilty.   Accordingly, Petitioner presents no basis for

23    the Court to reconsider its August 25, 2008, order dismissing the instant petition without

24    prejudice as successive, and his motion is DENIED.

25       IT IS SO ORDERED.

26    **Dated:   February 9, 2009**           **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

27

28